THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHELLE B.[1], *on behalf of* DUANE B,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:23-cv-361

Judge Walter H. Rice
Mag. Judge Stephanie K. Bowman

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11), AND OVERRULING OBJECTIONS THERETO OF PLAINTIFF, MICHELLE B., ON BEHALF OF DECEDENT APPLICANT DUANE B. (DOC. #12); JUDGMENT SHALL ENTER IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT, PRIOR TO JULY 11, 2022, DECEDENT WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT PRIOR TO THAT DATE, BUT WAS DISABLED AS OF JULY 11, 2022, AND ENTITLED TO BENEFITS UNTIL HIS DEATH ON AUGUST 19, 2022; TERMINATION ENTRY

---

Plaintiff Michelle B., on behalf of the decedent applicant Duane B. ("Decedent"), has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner of Social Security ("Commissioner"),

---

[1] "The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases[,] federal courts should refer to plaintiffs only by their first names and last initials." S.D. OHIO GEN. R. 22-01.

granting in part and denying the Decedent's application for Disability Insurance Benefits ("DIB"). Decedent filed his application for DIB on March 23, 2021, alleging a disability onset date of January 16, 2021. On August 19, 2022, after his hearing before the Commissioner's Administrative Law Judge ("ALJ"), Decedent passed away. (ALJ Decision, Doc. #7-2, PAGEID 41, 51). On November 9, 2022, the ALJ issued a decision that the Decedent only became disabled upon reaching advanced age on July 11, 2022, and that Decedent was disabled until his death on August 19, 2022. (*Id*. at PAGEID 49-51). On February 5, 2025, Magistrate Judge Stephanie K. Bowman filed a Report and Recommendations (Report, Doc. #11), recommending that the Commissioner's decision that Decedent was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq*., prior to July 11, 2022, but that Decedent became disabled on July 11, 2022, and continued to be eligible for benefits until his death, be affirmed.

Based upon reasoning and citations of authority set forth in the Report, a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #7), and a thorough review of the applicable law, this Court ADOPTS the Report and OVERRULES Plaintiff's Objections (Doc. #12) thereto. The Court, in so doing, affirms the decision of the Commissioner that Plaintiff was not disabled and,

2

therefore, not entitled to benefits under the Act prior to July 11, 2022, but was disabled and eligible for benefits from July 11, 2022, until his death.

## I.  Legal Standards

Under Rule 72(b), this Court must review *de novo* any timely, specific objection to a report and recommendations. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED.R.CIV.P. 72(b)(3). In reviewing the Commissioner's decision, the Court's task is to determine if the record as a whole constitutes "substantial evidence" that supports the Commissioner's finding of non-disability 42 U.S.C. § 405(g). "The threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted); *accord*: *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (emphasis added) ("Substantial evidence is more than a scintilla of evidence *but less than a preponderance*[.]").

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir.

1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's "findings are supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

## II. Analysis

In addition to the foregoing, this Court makes the following, non-exclusive, observations: In her sole articulated objection, Plaintiff claims that the Magistrate Judge erred in concluding that the ALJ properly refrained from "interpret[ing] a critical body of objective medical evidence because he purportedly relied only on the interpretation of the 'medical professionals.'" (Doc. #12, PAGEID 1372-73, citing Doc. #11, PAGEID 1367). Plaintiff asserts that the medical opinions upon which the ALJ relied "did not interpret this [medical] evidence in <u>functional</u> terms[.]" (*Id.* (emphasis in original)). Moreover, she claims that the ALJ's reliance on *Rudd v. Comm'r of Soc. Sec.* is improper; while "ALJs can make common-sense judgments

4

about objective medical evidence when it shows little to no impairment or abnormalities, . . . the objective medical imaging in this case shows significant abnormalities." (*Id.*, citing *Rudd*, 531 F. App'x 719, 726-27 (6th Cir. 2013)). Plaintiff claims that the lack of any functional limitations opined by medical sources relied upon by the ALJ means that the ALJ's formulation of Decedent's residual functional capacity ("RFC") is not supported by substantial evidence, and the decision must be reversed. (*Id.* at PAGEID 1373-74).

Plaintiff's argument is belied by the record. In explaining the RFC formulation, the ALJ built a clear logical bridge between the medical opinions of record and the limitations that the ALJ imposed in the RFC. (Doc. #7-2, PAGEID 46-47). Indeed, the portions of the record relied upon by the ALJ were summaries of findings by the treating sources, not the granular medical evidence itself. (*See, e.g., id.* at PAGEID 47, citing Med. Records, Doc. #7-7, PAGEID 636, 785, 831). The ALJ incorporated Decedent's osteoarthritis, emphysema, and other limitations opined by treating medical sources in their findings and summations. There is no indication from the decision that the ALJ interpreted medical data or images themselves in formulating the RFC. As the Magistrate Judge correctly pointed out, "an ALJ's review of a medical provider's summation of medical results does not constitute an ALJ interpreting raw data." (Doc. #11, PAGEID 1367, citing *Rudd*, 531 F. App'x at 726-27; *Michael G. v. Comm'r of Soc. Sec.*, No. 2:21-cv-5467,

5

2022 WL 11615881, *8 (S.D. Ohio Oct. 20, 2022) (Jolson, Mag. J.)). Plaintiff argues that *Rudd* is distinguishable because the physician in that case interpreted raw medical data that "show[ed] an **absence** of abnormalities[,]" (Doc. #12, PAGEID 1373 (emphasis in original), citing *Rudd*, 531 F. App'x at 727-28), whereas here, "the objective medical imaging in this case shows significant abnormalities." (*Id.*). However, Plaintiff cites no caselaw for such a distinction, and Plaintiff does not cite which portions of the medical opinions that the ALJ should have relied on *and* that would have resulted in a more restrictive RFC. As Plaintiff has shown neither error nor prejudice, her objection must be overruled.

### III. Conclusion

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge (Doc. #11) and OVERRULES Plaintiff's Objections thereto. (Doc. #12). The Commissioner's decision that Decedent was not disabled and, therefore, not entitled to benefits prior to July 11, 2022, and that Decedent became disabled on July 11, 2022, and was entitled to benefits from that date until his death, is affirmed. Judgment shall enter in favor of the Commissioner and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

Date: March 19, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

7